IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 0:99-659 |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| Shon Conner Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's *pro se* motion "to Correct Sentence Pursuant to Rule 60(a) Credit for Time While Detained in Federal Custody." ECF No. 539.

Defendant was indicted in this District on July 14, 1999. A writ of habeas corpus ad prosequendum was issued for Defendant's appearance in this matter to the Warden of the Gaston, North Carolina, county jail on July 19, 1999. Accordingly, during at least some portion of the time he appeared in this court, he was not in federal custody.[1] Defendant entered a guilty plea and was sentenced in this court on April 7, 2000.

This court is not vested with the authority to order the requested relief. In *United States v. Wilson*, 503 U.S. 329 (1992), the United States Supreme Court interpreted 18 U.S.C. § 3585(b) to hold that awards of credit for time a defendant may have been held in official detention prior to sentencing cannot be made at sentencing. *See id*. at 503 U.S. at 333 ("Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing."). This computation necessarily must be made once

---

[1]On November 1, 1999, Defendant was indicted in the Western District of North Carolina. A warrant for Defendant's arrest was issued that same day. Defendant appeared for arraignment in that District on December 21, 1999. Defendant entered a guilty plea in that matter and was sentenced on July 23, 2001, to 180 months' imprisonment, to run concurrently with the sentence imposed in this court.

1

a defendant is committed to the custody of the Bureau of Prisons, and the calculation is, therefore, vested in the BOP.[2]  *See Wilson*, 503 U.S. at 331 ("The Attorney General, through the Bureau of Prisons (BOP), has responsibility for imprisoning federal offenders.").

Accordingly, Defendant's motion is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
August 13, 2012

---

[2] C.F.R. § 0.96 ("[t]he Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment or persons . . . charged with or convicted of offenses against the United States . . . .").